# MAYER *v.* AMERICAN SECURITY & TRUST COMPANY.

---

EVIDENCE; DEEDS; CONDITIONS PRECEDENT AND SUBSEQUENT.

1. An absolute deed and a contemporaneous declaration of trust by the grantee are to be considered together in determining the nature of the estate conveyed and the trust created.

2. There are no technical words to distinguish conditions precedent and conditions subsequent; and whether a condition be one or the other is a matter of construction, and depends upon the intention of the party creating the estate.

3. Where the owner of the land conveys it by absolute deed, and the grantee executes a declaration of trust which provides that the title is to be held by the grantee for the use and benefit of a university named, that is to say, to convey the property in fee simple to the university "when and at such time as the said university" shall perform certain conditions enumerated; that the intent of the grantor is to donate the

land to the university "only upon condition" that the university shall perform each of the conditions before enumerated; and that, in the event of the failure of the university to comply with the terms and conditions of the trust within a reasonable time, the property "is to be reconveyed to the grantor,"—the grantee acquires nothing more than a naked trust or power to dispose of the property in the manner specified; no estate vests in the university until the performance of the conditions named; and the equitable estate remains in the grantor if the condition is not performed, and is devisable by him, and passes under the residuary clause of his will.,

No. 1987; Submitted April 8, 1909. Decided June 1, 1909.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill for the construction of a will.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by Theodore Albert Mayer, appellant, from the order of the supreme court of the District, dismissing appellant's bill of complaint. The cause was heard on bill and answers, and the facts are substantially these:

On or about February 5, 1907, Theodore J. Mayer, since deceased, by deed in fee simple absolute conveyed to the Washington Loan & Trust Company certain real estate situated in Chevy Chase, Montgomery county, Maryland, described in the bill as the Chevy Chase property, and said company executed a declaration in trust, which was accepted by the defendant, the George Washington University. This declaration of trust is as follows:

"In trust.

"1. To convey said property, in fee simple, to the said George Washington University, when and at such time as the said university shall acquire a fee simple to the property known as the 'Dean or Oak Lawn property,' located north of Florida avenue, between Nineteenth street and Connecticut avenue, in the county of Washington, District of Columbia, as a site for its university buildings, and, through the action of its board of

trustees, shall abandon the idea of retaining the site known as the Van Ness property, now owned by it, as the location of the said university.

"2. That, upon the conveyance of the said 'Dean or Oak Lawn property' to the George Washington University, said university shall agree in writing, by authority of its board of trustees, to erect upon the said 'Dean or Oak Lawn property,' as a part of its group of university buildings, a building of stone and brick, to be used for educational purposes, and to be designated, 'the Susanna Mayer Memorial.'

"3. That said Theodore J. Mayer, having given an option to one Elmer Gates for the purchase of said property located at Chevy Chase, hereinbefore described, which option expires on the 15th day of April, 1907, for the sum of one hundred and eighty-five thousand dollars ($185,000), it is understood that, in the event of this option being accepted, the said the Washington Loan & Trust Company shall have full power to deed the same to the said Gates, in fee simple, or his assigns, and receive the purchase money or its equivalent, and to hold said money in and upon the same trusts as hereinbefore and hereinafter expressed for the property itself.

"4. In the event that the George Washington University shall acquire the 'Dean or Oak Lawn property' pending the sale or the disposition of the Chevy Chase property, it shall be kept fully insured, in good repair, and the hedges and lawns properly trimmed by the George Washington University.

"5. The intent and purpose of the said Theodore J. Mayer by his conveyance to the Washington Loan & Trust Company is to donate to the George Washington University the land known as the Chevy Chase property, hereinbefore more particularly described, for the uses and purposes of said university, only upon condition, however, that the said university shall acquire the 'Dean or Oak Lawn property,' hereinbefore referred to, and shall use the same as the site of the George Washington University, and shall abandon the Van Ness property for this purpose, either by sale or by direct notice action of its board of trustees, and, with the proceeds of the sale of the said Chevy Chase land, to

erect upon the 'Dean or Oak Lawn property' a suitable educational building, to be a memorial to the deceased wife of the said Mayer, and to be designated 'the Susanna Mayer Memorial,' as aforesaid. This declaration of trust is intended to set forth the terms and conditions under which the said Chevy Chase property, or the proceeds thereof, is to be conveyed or given to the said the George Washington University.

"6. And upon this further trust in the event of the failure of the said university to comply with the terms and conditions of this trust within a reasonable time after the execution of this instrument, which reasonable time is to be determined by the trustee, when said property, so as aforesaid conveyed to the trustee, is to be reconveyed to the said Theodore J. Mayer, his heirs or assigns."

Said Theodore J. Mayer died on the 16th of March, 1907, leaving a will dated February 15, 1907, which contained the following residuary clause:

"All the rest and residue of my estate, real, personal, and mixed, which I now possess, or which may hereafter be acquired by me, and wheresoever situate, I give, devise, and bequeath unto the American Security & Trust Company, a corporation existing and doing business in the District of Columbia under and by virtue of the authority of the laws in force therein, its successors and assigns.

"In trust, however, for the following uses and purposes, * * * "

At the time of the decease of Mr. Mayer the George Washington University had not complied with the conditions of the trust respecting said Chevy Chase property, nor did it subsequently comply with those conditions, and now makes no claim to said property. Said Theodore J. Mayer left surviving him, as his sole heir at law, his son, the complainant, Theodore Albert Mayer, who instituted this proceeding for the purpose of obtaining possession and control, as such heir at law, of said Chevy Chase property.

The appellee, the American Security & Trust Company, contends that said property passed to it under the residuary clause

of said will, along with the bulk of said decedent's estate, to be held by it in trust for the complainant until he reaches the age of forty-eight years, and then to convey to him in fee.

The appellant contends that the testator, at the time of the execution of his will, and continuously thereafter until the time of his death, had no devisable interest in said property, and that, therefore, the same devolved upon appellant as the heir at law. The further contention is made by appellant that, even assuming that the interest of the testator was devisable, such an intent does not appear in the will; further, that, if it be assumed that such intent does appear, apt words were not used.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,* and *Mr. F. Walter Brandenburg,* for the appellant.

*Mr. William F. Mattingly* for the appellee.

Mr. Justice Robb delivered the opinion of the court:

Considering the deed and declaration of trust together, as we are bound to do, it is very apparent that an estate upon condition was thereby created. Was this a condition precedent or a condition subsequent? If a condition precedent, the vesting of the estate was dependent upon the performance of the condition. If a condition subsequent, the estate vested immediately, and the nonperformance of the condition rendered it liable to be defeated. There are no technical words to distinguish these conditions, and whether they be the one or the other is a matter of construction, and depends upon the intention of the party creating the estate. 4 Kent, Com. par. 124. It is first provided in the declaration of trust that "although the said deed purports to convey to said grantee an absolute title to the said property, the same is held by the Washington Loan & Trust Company for the use and benefit of the George Washington University of Washington, D. C.," upon certain declared conditions; that is to say, to convey said property in fee simple to said university "when and at such time as said University" shall perform the conditions

enumerated. After the enumeration of those conditions, the declaration of trust states that "the intent and purpose of the said Theodore J. Mayer, by his conveyance to the Washington Loan & Trust Company, is to donate to the George Washington University the land known as the Chevy Chase property, hereinbefore more particularly described, for the uses and purposes of said university, *only upon condition, however,* that the said university shall" perform each of the conditions hereinbefore enumerated. The declaration of trust further provides that, "in the event of the failure of said university to comply with the terms and conditions of this trust within a reasonable time," said property "is to be *reconveyed* to the said Theodore J. Mayer, his heirs or assigns." We think it quite apparent from reading this declaration of trust that the trustee acquired nothing more than a mere naked trust or power to dispose of said property in the manner specified, and that no estate was to vest in the university until the performance of the conditions named. Any other construction does violence to the language of the trust instrument, for it is expressly provided therein that it is the intent and purpose of Mayer to donate said property to the university *"only upon condition"* that said university shall perform the conditions specified. Those conditions were never performed; hence, no estate ever vested in the university. It will be noticed that the donor, instead of providing that, in such event, the property should revert (a term which he might have employed had he been dealing with a condition subsequent), provided that the property should be *reconveyed* to him, his heirs or assigns. We think the effect of this declaration of trust was to vest in the trustee, as before stated, the bare legal title of the trust estate, and that the equitable ownership remained in the donor. Had the university performed the conditions precedent, the equitable title thereupon would have vested in it, and it would have had a right to demand and receive a conveyance in fee simple from the trustee. *Rice* v. *Minnesota & N. W. R. Co.* 1 Black, 358, 17 L. ed. 147.

Counsel for appellant, in their exhaustive and interesting brief, rely upon *Wilson* v. *Galt,* 18 Ill. 431, and *Schulenberg* v.

*Harriman,* 21 Wall. 44, 22 L. ed. 551, to support their conten-
tion that the condition annexed to this conveyance was a condi-
tion subsequent. In the former case this question was not in-
volved, for the reason that the court found the condition to have
been performed. Neither was it attempted, in that case, to point
out the distinction between conditions subsequent and conditions
precedent. In the latter case, certain public lands had been
granted to the State of Wisconsin, to aid in the construction of
railroads in that State. Under the act the State possessed power
to dispose of not exceeding 120 sections of land in advance of the
construction of the road. As to the remainder of the land, the
State had authority to sell as the building of the road progressed,
and it was provided that, if the road was not constructed within
ten years, no further sale should be made, and the lands unsold
should revert to the United States. No part of the road was
ever constructed, and no proceedings were taken to establish a
forfeiture of the grant. The court held that the language used
by Congress imported a present grant to the State, and that the
provision for reverter was no more than a provision that the
grant should be void if a condition subsequent be not performed.
In that case, as is quite apparent, a present interest passed to
the State. While the object of the grant was to aid in a public
improvement, the State was nevertheless empowered immediate-
ly to dispose of 120 sections of the land granted. If, at the end
of ten years, the road was not completed, it was within the power
of the United States to repossess itself of the lands unsold. This
was a condition subsequent. The facts in that case are quite dif-
ferent from the facts in the present case. Here, as previously
stated, no beneficial interest passed to the Trust Company. It
was vested with the legal title, but that title was so limited and
restricted that it amounted to nothing more than a power to con-
vey upon the happening of certain definite specified conditions.
If the distinction between precedent and subsequent conditions
is to be maintained, and if intent is to govern, we must hold that
this was an estate upon condition precedent.

The equitable ownership retained by Mayer was clearly de-
visable. Md. Code 1904, sec. 314; 4 Kent, Com. 510; Schouler,

Wills, 3d ed. par. 28; 1 Jarman, Wills, par. 48. The cases cited by appellant, to the effect that a mere possibility of reverter, or a right to enter for a condition broken, was not devisable under the Maryland Code as it then read, have no application to the facts of this case, for the reasons given. Even such interest may now be devised under said sec. 314, as amended by the act of March 18, 1908, Laws of Maryland 1908, p. 264. Even though it should be held that only a contingency or possibility coupled with an interest remained in Mayer, such an estate was devisable. *Hamilton* v. *Darrington,* 36 Md. 434; 4 Kent, Com. par. 261.

We see no merit in the contention that the intent of the testator to devise this property is not manifest from his will. After making certain specific bequests, the testator, in a comprehensive residuary clause, disposed of the bulk of his estate. We have found that he retained the equitable ownership of that property. He was, therefore, possessed of a present interest, and the residuary clause was sufficient to pass that interest.

The decree is affirmed, with costs. *Affirmed.*